OPINION *Page 2 
{¶ 1} Defendant-appellant Corey B. Cobb appeals the July 10, 2006 Judgment Entry of the Guernsey County Court of Common Pleas finding him guilty and imposing sentence following his plea of no contest in case numbers 05 CR 178 and 06 CR 32. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On December 21, 2006, the Guernsey County Grand Jury indicted Appellant on one count of felonious assault, attempted felonious assault and possession of cocaine in case number 05 CR 178. Appellant entered a plea of not guilty to the charges, and was released on personal recognizance including house arrest. As a condition, Appellant was required to wear an electronic monitoring device on his ankle. Between January 27, 2006 and February 2, 2006, Appellant removed the monitoring device in violation of the terms of his release. As a result, Appellant was arrested on February 9, 2006.
 {¶ 3} On February 28, 2006 Appellant entered a plea of no contest to the charge of attempted felonious assault, a felony of the third degree. In exchange for Appellant's no contest plea, the State dismissed the felonious assault charge and possession of cocaine charge, recommending a three year prison sentence for the conviction. At the hearing, the trial court advised Appellant additional charges were pending, but an indictment had not been filed. The trial court noted the State and defense counsel were attempting to reach an agreement which would also resolve the additional pending charges. *Page 3 
 {¶ 4} On March 1, 2006, Appellant was indicted in case number 06 CR 32 on one count of possession of crack cocaine with specification, one count of possession of drugs with specification, escape and theft.
 {¶ 5} On March 9, 2006, Appellant wrote a letter to the trial court requesting permission to withdraw his plea of no contest in case number 05 CR 178. The trial court conducted a hearing on the motion on March 15, 2006. At the hearing Appellant indicated he wished to withdraw his plea because he discovered additional evidence proving he had not committed the crime. On March 23, 2006, via Judgment Entry, the trial court denied Appellant's request to withdraw his plea.
 {¶ 6} Also on March 23, 2006, Appellant requested the trial court remove his appointed defense counsel, and appoint a different attorney to represent him. On April 4, 2006, the trial court appointed new counsel.
 {¶ 7} Appellant filed a motion to enforce an alleged global resolution reached in both 05 CR 178 and 06 CR 32. Specifically, Appellant argued a "global resolution" had been reached, citing documents indicating his previous attorney had negotiated all the pending charges in return for an agreed sentence recommendation of a total six year term of imprisonment. Via Judgment Entry of June 19, 2006, the trial court denied the motion to enforce the global resolution.
 {¶ 8} On June 20, 2006, Appellant entered a plea of no contest to possession of crack cocaine, a second degree felony; possession of drugs, a fifth degree felony; and theft, a fifth degree felony, in case number 06-CR-32. The Judgment Entry signed by Appellant specifically states: *Page 4 
 {¶ 9} "I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement stated entirely as follows:
 {¶ 10} "Defendant to plead no contest to counts one, two, and four. Sentence left to discretion of court with each party to argue what is appropriate."
 {¶ 11} On June 26, 2006, Appellant requested furlough in order to get married. The trial court released Appellant on furlough on June 26, 2006, and he was to return on June 28, 2006 at 12:01 p.m. Appellant failed to return from his furlough, and was arrested on June 29, 2006.
 {¶ 12} On July 10, 2006, via Judgment Entry, the trial court sentenced Appellant to a term of three years in prison on the attempted felonious assault charge, seven years for possession of crack cocaine, six months for possession of drugs, and six months on the theft charge. The terms were ordered to be served consecutively.
 {¶ 13} Appellant now assigns as error:
 {¶ 14} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY REASONING THAT THE APPELLANT COULD NOT WITHDRAW HIS PLEA TO THE ATTMEPTED FELONIOUS ASSAULT CHARGE.
 {¶ 15} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ENFORCING THE GLOBAL RESOLUTION.
 {¶ 16} "III. THE APPELLANT HAS A CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL AS THE APPELLANT BELIEVED HE WAS GOING TO RECEIVE A TOTAL OF SIX YEARS OF IMPRISONMENT FOR BOTH OF HIS CASES." *Page 5 
 I, II {¶ 17} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 18} Appellant maintains his plea of no contest to the attempted felonious assault charge was not voluntary and knowing, as he believed he would receive a term of imprisonment of six years on both combined cases. He further believed his change of plea would assist him on the other pending charges. Appellant argues the trial court erred in not enforcing the global resolution reached on all counts.
 {¶ 19} Crim.R. 32.1 governs the withdrawal of a guilty plea. It provides:
 {¶ 20} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 21} Crim.R. 32.1 itself does not provide guidelines for a trial court to use in ruling on a pre-sentence motion to withdraw a plea. Rather, the general rule is motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality.State v. Peterseim (1980), 68 Ohio App.2d 211, 214, citing Barker v.United States (C.A.10, 1978), 579 F.2d 1219, 1223. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521. In ruling on a presentence withdrawal motion, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. Id. *Page 6 
 {¶ 22} The factors to be considered in determining whether the trial court abused its discretion in denying a withdrawal motion are: (1) the competency of the accused's counsel; (2) whether the accused was offered a Crim.R. 11 hearing before entering the plea; (3) whether the accused is given a complete and impartial hearing on the motion to withdraw; and (4) whether the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim, supra, at 214.
 {¶ 23} Thus, this Court will not reverse the decision of the trial court absent an abuse of discretion. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 24} Upon filing his motion to withdraw his plea, Appellant bore the burden to supply a reasonable and legitimate basis for withdrawing the plea. The trial court properly conducted a hearing as to whether Appellant alleged a reasonable and legitimate basis for the withdrawal of the guilty plea, finding he did not.
 {¶ 25} Upon Appellant's entering his plea of no contest to the attempted felonious assault charge in case number 05 CR 178, the following exchange occurred at the February 28, 2006 hearing:
 {¶ 26} "The Court:
 {¶ 27} "* * *
 {¶ 28} "Mr. Cobb, I'm going to ask you to listen carefully to what I'm about to say. I have just met in chambers with your attorney, Mr. Nicholson, and the Prosecuting Attorney, Mr. Padden. They have advised the Judge of the terms of the negotiated plea in your case and the terms have been approved by the Court subject to inquiry with you *Page 7 
here in open court and on the record. I've been advised that you are prepared to withdraw your formerly entered not guilty plea and enter a negotiated plea of no contest to Count 2 of the indictment. Count 2 of the indictment charges you with the crime of attempted felonious assault, a felony of the third degree. If you so proceed and are convicted of this crime, the maximum penalty that you could face would be up to five years of imprisonment and up to a $10,000.00 fine. However, under the terms of the negotiate [sic] evidence plea the State of Ohio will recommend a three year prison sentence. Prior to your sentencing hearing a presentence investigation report will be ordered by the Court. Your sentencing hearing has tentatively been set for Wednesday, March 15, 2006 at 9:00 A.M.
 {¶ 29} "Additionally, if you proceed in this manner waiving your right to have a jury trial in this case, entering a plea of no contest, if you are convicted of this crime and if the Court imposes a three year term of imprisonment you would be subject to a mandatory period of up to three years of post release control supervision by the adult parole authority after you're released from prison.
 {¶ 30} "Additionally, under the terms of the negotiated plea in this case a presentence investigation will be ordered and by pleading no contest the Court, that is the Judge, will determine your guilt of this offense based on the facts set forth in the indictment and if you do not contest those facts through your attorney you most likely will be convicted of this crime here this morning.
 {¶ 31} "Additionally, I have been advised that you have additional charges that are currently pending against you. The Grand Jury of this court met yesterday. I'm advised that they have returned an indictment against you on additional charges. Those *Page 8 
charges have not yet been filed. That is, the indictment has not yet been filed with the Court. If that indictment is filed prior to your sentencing hearing, which has tentatively been set for March 15, 2006, I've been advised by your attorney and the Prosecuting Attorney that those charges may also come before the Court and there may be a resolution of that case. However, those matters remain pending with the Court and will simply be properly processed by the Court in due course. It's a very long way of saying the indictment has not been filed yet.
 {¶ 32} "In any event, the terms of the negotiated plea in this case is that you're entering a plea of no contest to attempted felonious assault, a felony of the third degree. The other two counts of the indictment that have been filed against you (the first count being felonious assault, a felony of the second degree, a more serious crime and; Count 3, possession of cocaine, a felony of the fifth degree) will be dismissed at sentencing hearing.
 {¶ 33} "Mr. Padden, is that an accurate recitation of all terms that underlie the negotiated plea in this case?
 {¶ 34} "MR. PADDEN: It is, Your Honor.
 {¶ 35} "THE COURT: Mr. Nicholson, on behalf of Corey Cobb?
 {¶ 36} "MR. NICHOLSON: Yes, it is.
 {¶ 37} "BY THE COURT:
 {¶ 38} "Q. Corey Cobb, have you understood what I've just said?
 {¶ 39} "A. Yes.
 {¶ 40} "Q. Are those all of the terms of the negotiated plea in your case?
 {¶ 41} "A. Yes. *Page 9 
 {¶ 42} "Q. Has anyone promised you anything other than what I've just reviewed with you?
 {¶ 43} "A. No.
 {¶ 44} "Q. Are you under the influence of any alcohol or drugs that's affecting your judgment here this morning?
 {¶ 45} "A. No.
 {¶ 46} "Q. Have you had adequate time to confer with your attorney, Mr. Nicholson?
 {¶ 47} "A. Yes.
 {¶ 48} "Q. And are you satisfied with the legal representation he's provided you?
 {¶ 49} "A. Yes.
 {¶ 50} "Q. Is this how you want to proceed, Corey?
 {¶ 51} "A. Yes, sir.
 {¶ 52} "Q. Then I'll accept your written plea of no contest with waiver of jury trial rights at this time."
 {¶ 53} Tr. at 3-8.
 {¶ 54} At the March 15, 2006 hearing on sentencing and Appellant's motion to withdraw his plea, relative to case number 05 CR 178, the following exchange occurred:
 {¶ 55} "[The Court:] This case comes before the Court for sentencing hearing and hearing on motion to withdraw plea. The defendant, Corey Cobb, was convicted in this court on February 28, 2006 of Count 2 of the indictment charging attempted felonious assault, a felony of the third degree. On that date a presentence investigation report was ordered. The presentence investigation report has been completed by the *Page 10 
Court's probation department, it has been read by the Judge and a copy was provided to the attorney for the defendant and the Prosecuting Attorney on March 7, 2006.
 {¶ 56} "Additionally, the Court finds under the terms of negotiated plea that the State of Ohio is recommending a three year term of imprisonment in this case.
 {¶ 57} "The defendant, Corey Cobb, also appeared before this Court yesterday for arraignment in case number 06 CR 32, which is currently pending before the Court, and entered pleas of not guilty.
 {¶ 58} "The defendant further sent to the Court a pro se letter received March 9, 2006 asking to withdraw his plea. That is a pro se letter, it does not show that it was served on the Prosecuting Attorney nor on the attorney for the defendant but the Judge upon receipt advised both attorneys of the receipt of the letter.
 {¶ 59} "It will be these matters that are now for sentencing hearing. The Court will deal first with the pro se letter to withdraw plea. Mr. Nicholson, have you had the opportunity to review this matter with Corey Cobb?
 {¶ 60} "Mr. Nicholson: Well, yes, I have, Your Honor.
 {¶ 61} "The Court: And how does he wish to proceed please on his pro se letter to withdraw his plea?
 {¶ 62} "Mr. Nicholson: He tells me he still wants to proceed with that pro se motion, Your Honor."
 {¶ 63} "* * *
 {¶ 64} "[The Court]: The plea in this case was entered on the record of this Court on February 28, 2006, it was a plea of no contest to Count 2 of the indictment and under the terms of negotiated plea a presentence investigation was to be ordered. As I have *Page 11 
advised, the presentence investigation has been completed by the Court's probation department. The plea was signed on the 27th, the day before, so that the Court could be assured this is the way the defendant wanted to proceed. It was then signed again by the defendant on the 28th by his attorney and the Prosecuting Attorney and the Court made careful inquiry of the defendant on that date to determine if he was proceeding voluntarily, knowingly and intelligently. The Court determined on that date that he was so proceeding.
 {¶ 65} "The Court will now listen to presentation testimony and evidence of why the defendant should be permitted to withdraw his plea. Mr. Nicholson, on behalf of Corey Cobb.
 {¶ 66} "Mr. Nicholson: Your Honor, I think the record should reflect — I would like the record to reflect that I have had many, many conversations with Corey regarding this case and the companion cases which you referred to which were arraigned — he was arraigned on yesterday. If this case were the only case before the Court I would have different advice for my client. However, I have advised him to proceed as we have been because of the other charges that he is facing and I have been looking at it from the standpoint of an overall picture to try to resolve all of his charges in this court including not only this case but the case that we were — that he was arraigned on yesterday. Because of those conversations and negotiations with the State which involved both cases it has been my recommendation to him or my best advice to him as his attorney that we should proceed with this case because of the implications from the other case as well. However, the defendant had advised me just as late as just a few minutes ago that he would still like to proceed with his pro se letter. So the only — while that is not *Page 12 
my advice to him I respect his wishes to do that and I would simply I guess call him as a witness to explain to the Court why he is taking that position and what he wants to do.
 {¶ 67} "The Court: All right. Thank you. You may do so. Corey Cobb, do you wish to testify in your own behalf regarding your pro se letter motion to the Court to withdraw your plea?
 {¶ 68} "A. Yeah I would actually. I had found more evidence and there's more —
 {¶ 69} "* * *
 {¶ 70} "Q. I'll need you to tell the Judge why you want to change that and withdraw that plea and then answer any questions that he or the Prosecutor might have. Go ahead, Corey.
 {¶ 71} "A. I would like to change my plea due to the fact that I have found more evidence that I didn't commit this crime. The only reason honestly I was taking the plea is because it was going to help me out on the other cases I had pending. I didn't know I had four felony pending I only knew about the three of them and then —
 {¶ 72} "[By the Court]: Q. Corey, slow down a little bit so I can understand you. You said you didn't know you had four felonies pending?
 {¶ 73} "A. I knew I had three pending. I did not know I had the fourth one pending.
 {¶ 74} "Q. And I presume that's the four that are charged in the case that you were arraigned on yesterday?
 {¶ 75} "A. Right. *Page 13 
 {¶ 76} "Q. That's one count of Possession of Crack Cocaine, a felony of the second degree; Possession of Drugs, a felony of the fifth degree; Escape, a felony of the second degree; and Theft, a felony of the fifth degree?
 {¶ 77} "A. Right.
 {¶ 78} "Q. Go on please.
 {¶ 79} "A. It's just there's a lot going on with these cases that I feel is not adding up. I know that I can beat it because I wasn't — it's not my situation.
 {¶ 80} Tr. at 11-18.
 {¶ 81} The trial court's March 23, 2006 Judgment Entry denying Appellant's request to withdraw his plea properly considers the factors set forth above in determining whether to grant the request. In denying the motion, the court specifically finds Appellant did not have a good-faith basis, and the credibility and weight of his arguments in support of his motion are not worthy of belief. Upon review, we find the trial court did not abuse its discretion in denying Appellant's request to withdraw his plea of no contest.
 {¶ 82} Appellant further asserts the trial court abused its discretion in not enforcing the alleged "global resolution."
 {¶ 83} On June 13, 2006, the trial court conducted a hearing addressing Appellant's motion to enforce the alleged global resolution. The following exchange took place:
 {¶ 84} "[The Court]: The next motion was the motion of the defendant that you wished to place on the record orally that there was a global resolution and negotiated plea that was entered into by the defendant through his former attorney, William T. *Page 14 
Nicholson, and approved by the Court. I presume in case number 05 CR 178. Mr. Brockwell.
 {¶ 85} "Mr. Brockwell: Yes, Your Honor. The motion is a motion technically I filed a motion to enforce a negotiated plea. The defendant, Corey Cobb, says he and the Prosecuting Attorney made an agreement to a global negotiated plea and that the Prosecuting Attorney has not upheld that negotiated plea. Therefore, the defendant is moving the Court to enforce it.
 {¶ 86} "Now, this is a work in progress as we talked about in chambers. I have been looking at the various documents trying to figure out exactly what happened there. There is a way of looking at those that says yes that the State agreed there would be a total sentence of six years blend the 05 case, the Attempted Felonious Assault, and this case and come up with a global solution. On the other hand, the materials that were made part of the record when the plea was entered in the 05 CR 178 case do not bear that assertion out. But I do want to make sure that this motion is of record.
 {¶ 87} "The Court: That's why we're doing it right now on the record. So it is of record. The response of the State of Ohio please.
 {¶ 88} "Mr. Biegler: Thank you, Your Honor. There were discussions regarding a global resolution. Those were conditioned upon certain things happening, those things did not happen and so therefore that offer was withdrawn, the negotiated plea was made solely on the one charge of Attempted Felonious Assault. That was put on the record. It's in writing as well and that was the only offer that was made on that — well, that was the only offer and acceptance that was made for a negotiated plea. The other *Page 15 
cases there have been offers of a negotiated plea those have not been accepted and so therefore the matter is set for trial."
 {¶ 89} Tr. at 80-82.
 {¶ 90} The trial court properly determined the alleged global resolution was not a binding agreement, but merely a negotiation conditioned upon certain factors, which were not met.
 {¶ 91} Based upon the above, Appellant's first and second assignments of error are overruled.
 III. {¶ 92} Appellant's third assignment of error alleges the ineffectiveness of his trial counsel in advising him he would receive a total of six years imprisonment on all charges.
 {¶ 93} The standard of review of an ineffective assistance of counsel claim is well established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 94} First, we must determine whether counsel's assistance was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. *Page 16 
 {¶ 95} If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. As stated above, this requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v.Sallie (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 96} Appellant alleges his initial defense counsel did not clearly and adequately explain the terms of the plea agreement to him, and he believed the agreement provided a term of six years imprisonment on all charges. Appellant further claims he believed once the escape charge was dismissed, he would have three years to serve on the attempted felonious assault charge, and three years for the two remaining drug charges, resulting in six years imprisonment.
 {¶ 97} At the March 15, 2006 hearing, the Court engaged in the following colloquy with Appellant:
 {¶ 98} "Q. Corey Cobb, you've had adequate time to confer with your attorney, Mr. Nicholson, regarding this matter?
 {¶ 99} "A. Right.
 {¶ 100} "Q. And you understand that his advice to you is that you go forward with the plea and be sentenced but you are, after conferring with him, wanting to withdraw the plea?
 {¶ 101} "A. Right. *Page 17 
 {¶ 102} "Q. Do you understand under the terms of the negotiated plea in this case where you plead no contest to Count 2, Attempted Felonious Assault, a felony of the third degree, the more serious felonious assault a felony of the second degree is still pending?
 {¶ 103} "A. Right.
 {¶ 104} "Q. And also pending is the third count, Possession of Cocaine, a felony of the fifth degree?
 {¶ 105} "A. Right.
 {¶ 106} "Q. And you understand that should you stand trial and be convicted of those three crimes you could serve a prison term longer than the 1 to 5 years in prison that is a possible sentence at this time in this case?
 {¶ 107} "A. Yes, sir.
 {¶ 108} "Q. You understand in this case at this time is a term of the negotiated plea those other counts are to be dismissed and the State of Ohio is recommending three years of imprisonment where you could have received up to five years of imprisonment?
 {¶ 109} "A. Right.
 {¶ 110} "Q. You understand those things?
 {¶ 111} "A. (Defendant nod in the affirmative.)
 {¶ 112} "Q. But you believe it is in your best interest to withdraw the plea and proceed to a trial in this case?
 {¶ 113} "A. Yes, sir. *Page 18 
 {¶ 114} "The Court: Is there any further inquiry the State of Ohio believes the Judge should make of the defendant?
 {¶ 115} "Mr. Padden: No, Your Honor.
 {¶ 116} "The Court: Mr. Nicholson?
 {¶ 117} "Mr. Nicholson: No, Your Honor.
 {¶ 118} "By the Court:
 {¶ 119} "Q. Corey Cobb, I have a duty to determine if you're proceeding voluntarily, knowingly and intelligently. I've asked you the intelligent questions. The knowing question — has any party threatened you to cause you to withdraw your plea?
 {¶ 120} "A. No.
 {¶ 121} "Q. And are you under the influence of any drugs or alcohol? I presume you're not, you're in jail but you never know.
 {¶ 122} "A. No, sir.
 {¶ 123} "Q. Are you thinking clearly?
 {¶ 124} "A. Yes, sir.
 {¶ 125} "Q. And you understand that if you withdraw your plea and you stand trial, either a jury trial or a trial to this Court, and are convicted that you could receive a more severe, that means a longer penalty, than what the negotiated plea is now in this case?
 {¶ 126} "A. Yes, sir.
 {¶ 127} "Q. And knowing that you do want to withdraw the plea?
 {¶ 128} "A. I do."
 {¶ 129} Tr. at 21-23. *Page 19 
 {¶ 130} At the April 3, 2006 hearing on Appellant's request for appointment of different counsel, Appellant's attorney testified:
 {¶ 131} "MR. NICHOLSON: We had done extensive work investigating the aggravated — or the felonious assault charge, Your Honor, and I believe that Corey is right to the extent that it may have been in his best interest to try that case even with the felony cocaine possession involved which would, of course, still be involved if we didn't resolve the case because there was good reason to believe or some viable reason to believe that this may have only been an assault not a felonious assault and it may have been an attempted felonious assault and not a felonious assault. So that was a question that may, may have been resolved by trial if the other cases didn't come along later. However, before this case was resolved Corey was indicted or at least charged. We were aware that he had charges of a much more serious nature in the 06 case.
 {¶ 132} "THE COURT: Yes, that's 06 CR 32.
 {¶ 133} "MR. NICHOLSON: And those charges involved two second degree felonies, one of which must (if convicted) be sentenced in a consecutive manner to the first and I believe a fifth degree felony cocaine possession as well, fourth or fifth degree. I think it was a fifth degree.
 {¶ 134} "THE COURT: Yes, it's Possession of Drugs, felony of the fifth degree.
 {¶ 135} "MR. NICHOLSON: That new case, that 06 case, with those additional charges completely changed my complexion of my defense of Corey because I felt in order to properly represent him I had to consider the whole picture, so to speak, all the charges. I didn't want to win the battle and lose the war, so to speak, by fighting over whether this assault — whatever this assault turned out to be. It was clear there was *Page 20 
some kind of a conflagration, if that's the right word, there was some kind of a fight between Corey and the victim in this case, Jeffrey Green. And the question was whether it was merely an assault or whether it was more serious either an attempted felonious or an actual felonious assault, the latter of course, being a second degree felony which would dictate that in all probability there's a presumption for prison in this case, as you well know. So I was trying to represent him in that case and then when the new charges came along it extremely complicated or greatly complicated the disposition in that case because now we had to deal with the new cases and in the new cases from my investigation of them I could not find — and Corey and I talked about this extensively, I could not find any viable defenses to those cases. I advised him and I felt like if those cases went to trial it would spell disaster for Corey because I felt in my professional opinion he would have likely been convicted of those cases and he would be facing a very stiff penalty as a result.
 {¶ 136} "In light of all that then I tried to work out a plea agreement with the State that would cover all the charges against him and look at the bottom line, so to speak, as to what was in his best interest to resolve all these cases not just one or two at a time. That is where we came up with the agreement to enter a plea of no contest to the middle range in the 05 case with the Attempted Felonious Assault, which did not dictate a prison sentence as a third degree felony, as it always is of course, but there's no guideline for punishment on that and it doesn't presume prison time. In addition and at the same time we had a tentative agreement with the State to resolve the 06 cases and that's the key to this whole thing. We had a tentative agreement to resolve the 06 cases in such a way that I felt it was a very good resolution for Corey as defendant given the *Page 21 
fact that in the 06 cases I could not find any justification to take those cases to trial. Because I felt that the end result would be a much greater prison sentence for him than what was offered. There was a substantial prison sentence offered but when you compare it to what he could expect to get after going to trial and in my opinion losing then it was certainly in his — far in his best interest to agree to that deal. I hate to use the word "deal" but agree to that plea bargain on the second case, the 06 case. In doing so he was not — by combining the two he was not going to get any further sentence from the State's recommendation on the 05 case. So the 05 case then became kind of really a moot question when we're talking about the most important bottom line to this case for Corey and that is how much sentence was he going to get or the length of his sentence. That's what motivated me to try and work in his best interest to agree in both cases because we couldn't take the two cases separately or I felt it would be disaster for Corey. He might win the first case and he's still got the felony with the drug charge but he would not have a prayer, I didn't think, on the 06 case. So I was trying to represent him in the overall picture. The 05 case was not going to give him any additional time in prison because the part of the 06 case would be concurrent with that, the more serious charges in the 06 case, and it would not give him any additional time but it would save him considerable prison time in the 06 case. That was what I stressed to him on numerous visits with him in the county jail.
 {¶ 137} "Many times Corey said nope, we'll just take it all to trial and I'll take the maximum of whatever I get in both cases and I tried to caution him no, that's not what you want to do, that's not in your best interest, you're looking at a long prison sentence if you do that. Why in the world would anyone want to do that when there is little or no *Page 22 
Guernsey County, Case No's. 06-CA-25 06-CA-26 22 defense in the 06 case? So I tried to convince him that that was not in his best interest and I'm firmly convinced that it's not in his best interest."
 {¶ 138} Tr. at 32-37.
 {¶ 139} Upon review of the above and our analysis and disposition of Appellant's first and second assignment of error, Appellant has not met his burden of demonstrating the ineffective assistance of trial counsel. Rather, counsel's decisions and advice to Appellant reflect sound trial strategy. Appellant has not demonstrated prejudice resulting form the alleged deficiencies of trial counsel.
 {¶ 140} Appellant's third assignment of error is overruled.
 {¶ 141} The July 10, 2006 Judgment Entry of the Guernsey County Court of Common Pleas is affirmed.
 By: Hoffman, J. Gwin, P.J. and Wise, J. concur *Page 23 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the July 10, 2006 Judgment Entry of the Guernsey County Court of Common Pleas is affirmed. Costs to appellant. *Page 1